Filed 3/18/15  P. v. Roberson CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D066737 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCN328734) |
| DAMIEN DIONTAY ROBERSON, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Blaine Bowman, Judge.  Affirmed.

Andrea S. Bitar, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

A jury convicted Damien Diontay Roberson of attempted robbery (Pen. Code,[1] §§ 211 & 664).  The trial court found that Roberson had suffered a serious felony prior conviction (§ 667, subd. (a)(1)), a strike prior (§ 667, subds. (b)-(i)) and a three-year prison prior (§ 667.5, subd. (a)) to be true.

---

[1]    All further statutory references are to the Penal Code unless otherwise specified.

The trial court denied Roberson's motion to strike the "strike" prior. The court did strike the prison prior and sentenced Roberson to a total determinate term of nine years.

Roberson filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*) indicating she has been unable to identify any reasonably arguable issues for reversal on appeal. Counsel asks this court to review the record for error as mandated by *Wende*.

We offered Roberson the opportunity to file his own brief on appeal but he has not responded.

STATEMENT OF FACTS

On February 10, 2014, an African-American male, wearing headphones, sunglasses and carrying a Coke can approached a teller at the Valley Center branch of the Bank of America. The man handed the teller a note stating it was a robbery and demanding money. As the teller started to open the cash drawer, the man picked up the note and walked away.

The teller went outside and watched the man throw the note under a recycling bin and walk away. Police were called and arrived at the scene.

The teller gave police a description of the suspect. Within 10 to 15 minutes police reported they had a possible suspect. The teller was taken to the location where the suspect was detained but could not identify him as the perpetrator at that point.

The teller then returned to the bank and reviewed the video of the attempted robbery. At that point he realized the person detained by police, Roberson, was actually

the suspect.  The teller then recognized Roberson as the person who attempted to rob the bank.

## DISCUSSION

As we have noted above, appellate counsel has indicated she is unable to identify any reasonably arguable issues for reversal on appeal.  She has asked this court to review the record for error as mandated by *Wende, supra*, 25 Cal.3d 436.  Pursuant to *Anders, supra,* 386 U.S. 738, counsel has identified the following possible, but not arguable issues:

1.  Whether there was sufficient evidence to support Roberson's conviction?

2.  Whether the trial court erred in denying Roberson's motion to strike the serious/violent felony (strike) prior?

We have reviewed the entire record as mandated by *Wende, supra,* 25 Cal.3d 436. We have not identified any reasonably arguable issue for reversal on appeal.  Roberson has been represented by competent counsel on this appeal.

## DISPOSITION

The judgment is affirmed.

HUFFMAN, J.

WE CONCUR:

BENKE, Acting P. J.

AARON, J.

3